Good morning, I'm Samuel Frank and I'll each be appearing for the Appellant Rose P. Freeman to please the court. The District Court erred as a matter of law in granting summary judgment against Appellant Rose Freeman based upon claim preclusion. California law on claim preclusion with respect to an action under 42 U.S.C. section 1983 is that a plaintiff is not required to exhaust any state-imposed requirements before filing an action in either state or federal court. These include notices of claims requirements. But you weren't required to take the administrative appeal that you took, were you? No, neither was the parties in Broster House. They were not required to take an appeal, but the court said that by taking the appeal they were not consenting to hear their 1983 claim. But Broster House was an arbitration case, wasn't it? Broster House factually was on all fours with this case. It was an administrative process that they labeled an arbitration. Like in this case, there was no arbitration agreement at all. The process there was entirely consistent, identical really to the process in this case. Miller v. County of Santa Cruz, a Ninth Circuit case, held that legal and factual decisions of administrative tribunals are given preclusive effect only if the courts of the state would do so. And this, quote, requires a careful review of the administrative record to ensure that, at a minimum, it meets the state's own criteria necessary to require a court of that state to give preclusive effect to the state agency's decisions, unquote. Miller also held that California had adopted the rule stated in United States v. Utah Construction and Mining Company that a prior state administrative proceeding could preclude a later Section 1983 claim if, one, the administrative agency acted in a, quote, judicial capacity, close quote. Two, the agency resolved disputed issues of fact properly before it. And three, that the parties had not adequate opportunity to litigate. There, the Ninth Circuit followed Plain v. McCabe for its conclusion that California had adopted the Utah Construction standard. However, Plain and Miller were decided before the California Supreme Court decision in Broster House, which adopted a different standard. Because this Court must apply state law to the question of whether state administrative proceedings have preclusive effect, the sufficiency of an administrative proceeding to have preclusive effect is determined by state law under Broster House rather than federal law under Utah Construction. The problem with Broster House is that Broster House follows federal law in saying that the preclusion couldn't be applied in the context of arbitration. It's not a state law rule as you presented it. They were distinguishing the Elliott case involving administrative quasi-judicial proceedings. The state law rule with regard to preclusion is the state's own business. How the California Supreme Court decides to interpret federal decisions is its own business. They determined that they were going to adopt standards in a series of cases and apply them to the 1983 case. They made an exception for 1983 cases as compared to all of the other preclusion rules and said these cases require litigation in court. Broster House disagreed with Miller that if Congress says nothing, then the rules of preclusion apply. How do you distinguish our decision in the Doe v. Regents case? In the pardon? Doe v. Regents. I'm sorry. I'm not familiar with that case. It's cited in the red brief. In the red brief? Yes. Doe v. Regents. I'm sorry. I don't recall offhand what that case is about, Your Honor. All right. Well, maybe I can just see if I've got to refer to here if I can have a moment. I did not address it in my reply. Can I ask a question? Or you want him to see if he figures it out? I'm done. You're done? Okay. So here's my question for you. So you want to go to trial on this 1983 claim. You want to say that there's a constitutional deprivation of your client's rights. And if you win, the defense is going to be able to say that we would have fired your client regardless because she was violating our policy and we have an administrative decision that's preclusive. And so your damages are going to be zero except for exemplary damages, which would be a dollar in your attorney's fees. Is that right? They would claim that they would have made the same decision anyway. Well, they have an administrative decision that's preclusive to you that says that they fired her for just cause, period, the end. And there's no way you can get around that. Basically, as a matter of law, you have no damages. That's not correct, Your Honor. And why not? Because the administrative proceeding determined that there was just cause and that there was a legitimate good faith reason for the action. But it didn't take into consideration whether there was also retaliatory reason. So let's assume there was a retaliatory reason. They're going to fire your client anyway because they have just cause to fire her. We would argue that the proofs will show they would not fire my client anyway because they claimed that she was treating herself differently than everybody else. But the records that we found later in the case show that she was being treated much more favorably, not more favorably than anybody else. So then your argument is you've got a separate measure of damages that's not precluded by the finding of the administrative group. We believe we can prove at trial that they would have not made that decision. They singled her out as the sole person to apply this rule to. And just for the record, is it pronounced Wyn-ee-mee? Yes, it is Wyn-ee-mee. Apparently it's an Indian term, Your Honor. Well, you know, a guy comes from Omaha City named after a tribe. You ought to know Wyn-ee-mee then, right? Well, that's probably why you guessed it right. Okay. So Broshouse made clear that where an alternative forum adjudication is not consented to by the parties to resolve a 1983 claim, it cannot be done in an administrative process. That's really very clear. The court did talk about all the arbitration cases that it was relying on. But the fact of the matter is, is that this was not an arbitration. In fact, it was an administrative appeal, just like in this case. And the administrative appeal was not from the 1983 claim. It was from her termination, which had something to do with violating work rules. Right. Her termination was based upon the... And you had an opportunity to expand the scope of the appeal, but you decided not to because you wanted to go to district court and litigate it there. Well, we made clear at the administrative level we were not reducing that claim. We had no right to bring a claim at the administrative level. We had no right to bring an affirmative defense at the administrative level. We had no right to discovery. We had no right to the rules of evidence. But you could have raised the issue of retaliation in the administrative proceeding in resisting the determination that it was done for just cause, couldn't you? Well, there's nothing that says we could have. Presuming that we could have raised it, Brostrow says we're not required to raise it because it's not the right forum. It's not a judicially adequate forum to resolve this claim. A hearing officer who is upon some list provided by the state that we strike from and choose a... These people handle contract claims, labor disputes, wrongful terminations based upon just cause. They don't have any expertise in complicated civil rights claims. Well, your bottom line is you think you're entitled to a jury trial because it's a constitutional violation. Because, in particular, the court ruled in respect to 1983 claims in particular that they must be tried in court. Particularly because if you're dealing in a situation where, you know, you're going back to the agency who you committed the wrongdoing and asking for a ruling in your favor. You know, that's why McDonnell said you can't have a state process that's outcome determinative, where you get a different result in state court than you would get in federal court. But we've applied preclusive effect to administrative decisions under California law in 1983 actions. I'm sorry, I didn't understand the question. We have applied preclusion to administrative rulings in California with respect to subsequent 1983 suits. We have done that. The Ninth Circuit has done that, but not California, Your Honor. And California determines whether it is. We have done that with respect to administrative proceedings that took place under California. Right. But that was a decision by the Ninth Circuit, not a decision by the California Supreme Court. The California Supreme Court makes emphatically clear that 1983 cases must be tried in court, not administratively. It actually doesn't say that. It distinguishes between the Elliott line of cases, which is where it says that you can apply preclusive effect to an administrative proceeding in a 1983 action, and the arbitration situation covered by the McDonnell case. So they're following the same Elliott-McDonnell distinction in the U.S. Supreme Court, and you're on the wrong side of that line, and you're on the line of Miller and Doe v. Regents, and that's why I don't see how you can avoid this preclusive effect. There isn't a carve-out for 1983 cases in the law of this court, and nothing in California law carves it out either. I believe that Brostrom does carve it out, Your Honor. The State Bar was a state agency. They were acting on a basis on an appeal. The parties had the right to either take that appeal or not take that appeal. They took the appeal, but the court said because you took the voluntary appeal, it didn't mean that you were forced to litigate the 1983 claim. The, you know, this court has adopted a series of rules interpreting what California law is, but has never considered Brosterhouse. And Brosterhouse talked about the arbitration cases and referred to this as an arbitration case, but then said going back to particularly Felder and Patsy, that the court, that the, unless the Congress specifically indicated that the state could do this sort of thing, they could not preclude the 1983 claim. McDonald, Golden State Transit, Patsy, and Felder all support the court's decision on Brosterhouse. And, again, whether or not that court correctly interpreted Ninth Circuit decisions, correctly interpreted Supreme Court decisions is not the issue. The issue is what would California do in this situation. And the court made it really clear that we're not going to allow administrative adjudicate cases of 1983 claims in California. I mean, Brosterhouse just doesn't say that. If you look at 1254 of Brosterhouse, it distinguishes the Elliott case, which upholds applying preclusive effect to administrative decisions in subsequent 1983 actions and distinguishes Elliott on the grounds that Congress intended that Section 1983 issues be judicially resolved, giving preclusive effect to an arbitration decision would undermine the efficacy of Section 1983. But you're not an arbitration case. You're not like McDonald. You're like Elliott, which it distinguished. The court didn't stop its analysis there. It made the distinction with Elliott with respect to this is an arbitration proceeding. That wasn't. Then it went on to say under Felder any state limitation on bringing a precondition, on bringing a 1983 claim, is not lawful. So they were following Felder and Patsy in particular to say that we're not going to allow this. And, again, there was no arbitration agreement. There was no real arbitration. It was simply an off-hearing officer who was called an arbitrator. It's exactly the situation we have in this case. Factually, it's the same. Counsel, do you want to say the last few seconds?  The court abused its discretion in sustaining respondents' evidentiary objections to the declaration of Dolores Wilson and to the compilation of the city's reports provided in response to the appellant's public records request. And that takes my time up, Your Honor. Thank you, Counsel. Good morning, Your Honors. May it please the Court. Daniel Bearer for Appellees, City of Port Hueneme and Carmen Nichols. And one of the points that my colleague is not observing in Broster House in saying that it's factually identical to what happened here is that in Broster House the arbitration was mandatory. The State Bar had the option of picking, sending the dispute about the fee to arbitration. There's no indication in there that the State Bar member can opt out of arbitration if that happens. If they want to pursue their appeal, they've got to go through arbitration. So that's mandatory arbitration as opposed to, as Judge Collins pointed out, the administrative appeal here was optional. Because there is no obligation to exhaust administrative remedies before going to court on a Section 1983 claim, Ms. Freeman could have gone straight from the Skelly decision or determination to a court and filed a Section 1983 action. So was it your position that if this had been mandatory and then was pursued to its conclusion that preclusion would not apply then in the 1983 action? I think then there would be a better argument for extending Broster House. Broster House's point was that if you're forced to go to arbitration, if preclusion applies, you're effectively out of court on 1983. If you win, you wouldn't go to court on 1983. If you lose, you're precluded because the administrative decision was precluded. You'd essentially have an arbitrator who may or may not be trained on the law taking the place of a jury and a federal or state court in deciding a 1983 action. They said that's against the legislative intent in passing 1983. As opposed to that, California law, both before and after Broster House, has held that administrative remedy, administrative decisions, whether or not reviewed in superior court under Code of Civil Procedure Section 1094.5, have preclusive effect in Section 1983 actions. There was a decision one month before Broster House in the Briggs case v. City of Rolling Hills that there's preclusive effect. There was a decision afterwards, a year afterwards, in the Mola case. There's the McDaniel case which said that the rule applies, but we're not going to apply it here. And there's this Court's decision in Doe v. Regents of the University of California, which was published one month before the opening brief in this case, applying the preclusion rule. That's the law both in California and the Ninth Circuit. And hints from Broster House or interpretation of Broster House is not a ground for disturbing that body of case law. Let me ask you, though. So Ms. Freeman is terminated because of employee misconduct. That's the bottom line, correct? Correct. And if she wants to appeal that decision, she cannot appeal that in federal court because this has to do with the state agency, correct? Correct. In Doe, they said that you can't do that in federal court. Right. So if she wants to exhaust her administrative remedies in preparation for the state court appeal, taken at the state court, she has to have the administrative hearing, correct? Correct. Okay, and then when she gets the administrative hearing, then there's a real reduced review that the district court can do in the state court proceeding because it's already been decided administratively, correct? Correct. Okay. So you're saying she could have filed the 1983 in federal court. Once she files the 1983 in federal court, then can she take the administrative appeal anyway? Whether she can pursue both of them simultaneously, perhaps. Right, so she has two cases going at the same time. You think she could or couldn't? She could, but there's the chance that if the administrative proceedings complete before the 1983 case is heard, there's going to be claim preclusion. That's sort of what happened in Cook v. Harding before this court last year. So she really couldn't. What you're saying is she really couldn't file a separate claim because she's got to do the administrative appeal in order to exhaust her remedies in order to protect those in the state court for her misconduct termination. She is put to a choice. If she could either go with the 1983, not exhaust her administrative appeals, that could cut off her right to sue under State law. Okay. Or she can exhaust the administrative appeals, including a 1094.5 petition to the Superior Court challenging what the city did, and that would preserve her rights for State court causes of action. Okay. But that would be issue preclusive in a section 1983 cause of action. And that's the point that my colleague ---- She didn't pursue that State writ here. She stopped after the administrative. She didn't ---- she could have gone, kept going, and gone to State court, but she just stopped at that point. Correct, Your Honor. Okay. And that's a point that my colleague raises in his opening brief. He tries to argue that the exhausting administrative appeal was mandatory because she had to do it to pursue some theoretical State law claim. But she didn't pursue a State law claim. Well, she does. Once the administrative decision is made, the review, the standard to review for the district court is so small, her chances of winning in the district court are about slim and none, as we say back in the Midwest. Correct?  Well, I've been on both sides of a 1094.5 writ, and sometimes you win, sometimes you lose. Okay. It depends on what happened below. Especially my colleague claims that the hearing officer was biased, even though he helped pick that hearing officer because it was on a list, complains that there should have been discovery. He could have raised those issues in a 1094.5 writ to the superior court and didn't. Instead, we've got a hearing where we've got rules of evidence applying, witnesses subpoenaed, witnesses testifying, documentary evidence introduced. The hearing officer taking judicial notice. The hearing officer was an attorney as well as a mediator and arbitrator. This had all the hallmarks of a quasi-judicial hearing and the hearing officer acting in a judicial capacity. It met all the Utah construction requirements, met all the white requirements. It met all the requirements for applying claim preclusion. Unless there's any other questions, I do want to address one of the issues that was raised in my colleague's reply brief. He made some passing argument in the opening brief about this evidentiary ruling being an abuse of discretion. I pointed out he didn't really flesh out that issue. He threw in a lot more in the reply brief, including an argument that this one decision from the Third Circuit, Grider, holds that the judge has to find there was no substantial justification for submitting that evidence in order to sustain an evidentiary objection on summary judgment. That's not the law in the Ninth Circuit. That's not the law in the Third Circuit. And that's not what Grider says. Grider says that if you're going to impose sanctions for making general objections to discovery under Rule 26G of the FRCP, then the order has to show lack of substantial justification because lack of substantial justification is what 26G says you need to impose sanctions. Unless there's any further questions, I'll submit. Thank you, counsel. We have a few seconds left if you want to use them. I would just like to direct the Court's attention to pages 9 through 10 of the reply brief in which I specifically discussed the Mola case and the Briggs case. And in both of those cases, neither of the courts considered or resolved the issue of whether the City Council proceeding had a requisitational character. It didn't reach that issue. And that's the issue at the heart of the issue here. All right. Thank you, counsel. Thank you. Freeman v. City of Port Guiney is submitted.
judges: Wardlaw, Bataillon, Collins